The Full Commission has reviewed the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. After careful consideration, the Full Commission has determined that the plaintiff has not shown good grounds to amend the award. Therefore, the February 9, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. The North Carolina Industrial Commission has jurisdiction over the subject matter of this case, and the parties are properly before the Industrial Commission.
2. At all times pertinent hereto there was an employee-employer relationship between the plaintiff and the defendant.
3. Defendant is self-insured under the provisions of the Workers' Compensation Act.
4. Plaintiff's average weekly wage was $660.00.
5. Plaintiff has not worked for the defendant from August 23, 1992 and continuing through the date of the hearing.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 44 years old. For his education, plaintiff left school in the eighth grade and had no vocational training. For his work history, plaintiff had worked as a carpenter and had worked on his family's farm before working for defendant. Plaintiff began working for defendant on August 14, 1972 and he stayed in defendant's employment for 20 years.
2. Part of plaintiff's assigned work duties with defendant was to work in an ice condenser at defendant's power plant. In performing these duties, plaintiff used equipment such as a jack hammer to remove ice.
3. As a result of performing his assigned work duties, plaintiff developed bilateral carpal tunnel syndrome. For this condition, plaintiff received treatment from Dr. Mark McGinnis, an orthopedic surgeon. The treatment included surgery to both wrists.
4. After surgery, plaintiff began to develop pain in multiple areas of his body, which included his legs. This condition was diagnosed as fibromyalgia, and Dr. McGinnis referred plaintiff to Dr. Dennis Payne, Jr., a rheumatologist. Dr. Payne was of the opinion that it was possible for the carpal tunnel syndrome to cause fibromyalgia, but Dr. Payne could not express his opinion to a reasonable degree of medical certainty. Therefore, there is insufficient evidence of record to establish by its greater weight that the plaintiff's development of fibromyalgia was a natural and probable consequence of his development of carpal tunnel syndrome.
5. As a result of developing carpal tunnel syndrome, plaintiff was unable to perform his regular job with defendant, or to perform any other regular employment, from August 23, 1992 through January 15, 1993.
6. From January 16, 1993 and continuing, there is insufficient evidence of record to establish by its greater weight that the carpal tunnel syndrome (as opposed to fibromyalgia) caused plaintiff to be unable to work at his regular job with defendant, or any other employment.
7. As a result of developing carpal tunnel syndrome plaintiff retains a 15 percent permanent partial impairment to the use of his left and his right hands.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. The carpal tunnel syndrome which plaintiff developed on or before August 23, 1992 is an occupational disease. N.C.G.S. § 97-53(13).
2. The fibromyalgia which plaintiff developed some time after August 23, 1992 was not an occupational disease. N.C.G.S. § 97-53(13); Gillikin v. Burbage, 263 N.C. 317 (1965).
3. Plaintiff's average weekly wage was $660.00, yielding a compensation rate of $426.00 (the maximum compensation rate for calendar year 1992). N.C.G.S. § 97-2(5).
4. As a result of developing carpal tunnel syndrome, plaintiff is entitled to temporary total disability compensation in the amount of $426.00 for the period of time between August 23, 1992 and January 15, 1993. N.C.G.S. § 97-29; Gillikin v. Burbage,263 N.C. 317 (1965).
5. Following January 16, 1993, plaintiff is not entitled to any temporary total disability compensation. N.C.G.S. § 97-29.
6. As a result of developing carpal tunnel syndrome, plaintiff is entitled to permanent partial disability compensation in the amount of $426.00 for 60 weeks due to the 15 percent permanent partial impairment to the use of his left and his right hands. N.C.G.S. § 97-31(12).
7. Plaintiff is entitled to the payment of all medical expenses incurred, or to be incurred, as a result of developing carpal tunnel syndrome. Payment of said medical expenses shall not include any medical expenses for treatment provided for fibromyalgia. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation in the amount of $426.00 per week for the period of time between August 23, 1992 and January 15, 1993. As said amount has accrued, payment shall be made in a lump sum, and all payments shall be subject to an attorney's fee as provided below.
2. Plaintiff's claim for any temporary total disability compensation after January 16, 1993 must be, and the same is hereby, DENIED.
3. Defendant shall pay plaintiff permanent partial disability compensation in the amount of $426.00 per week for 60 weeks due to the 15 percent permanent partial impairment to the use of his left and his right hands. The amount of said compensation which has accrued shall be paid in a lump sum, and all payments shall be subject to an attorney's fee as provided below.
4. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the carpal tunnel syndrome. Payment for said medical expenses shall not include the expenses for any treatment for fibromyalgia. Payment for said medical expenses shall be made after defendants have submitted the bills for said services to the Industrial Commission.
5. An attorney's fee in the amount of 25 percent of all compensation due plaintiff is hereby approved for plaintiff's counsel. Payment shall be made by deducting 25 percent from any compensation due plaintiff and forward same directly to plaintiff's counsel. For any future compensation payments, payments shall be made by making every fourth check payable to plaintiff's counsel and forward same directly to plaintiff's counsel.
6. Defendant shall pay all costs, including an expert witness fee as provided by previous order and an expert witness fee in the amount of $350.00 to Dr. Mark McGinnis.
This the _____ day of __________________________, 1995.
FOR THE FULL COMMISSION
 S/ ______________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ______________________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________________ BERNADINE S. BALLANCE COMMISSIONER
JJB:mj 4/11/95